IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DERRICK D. HENDERSON, #1422462 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv320 |
| LORRIE DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Derrick Henderson, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 30, 2017, the Court considered Plaintiff's application to proceed *in forma pauperis* in light of the Prison Litigation Reform Act. Plaintiff was ordered to pay an initial partial filing fee of $10.00 within thirty days. (Dkt. #5). He was warned that the failure to pay the initial partial filing fee or to show that he has insufficient means to pay may result in the dismissal of the lawsuit. The Court received an acknowledgment from Plaintiff indicating that he received the order on June 2, 2017. Subsequently, on June 9, 2017, Plaintiff requested an extension of time to file the initial partial filing fee, which the Court granted, and the initial partial filing fee deadline was extended until August 2, 2017. (Dkt. #10). As of today, Plaintiff has neither complied with the order nor offered any explanation for failing to pay the initial partial filing fee.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The

exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, Plaintiff has chosen not to comply with the Court's order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A fine would not be appropriate as a sanction since the Plaintiff is proceeding *in forma pauperis*. Apparently he does not have the money to pay any fines imposed. A dismissal without prejudice is the best option available at this time.

Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order of the Court. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of August, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE