IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DERRICK D. HENDERSON, #1422462 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv320 |
| LORIE DAVIS, ET AL. | § | |

<u>MEMORANDUM OPINION ADOPTING THE REPORT AND
RECOMMENDATION OF THEUNITED STATES MAGISTRATE JUDGE</u>

Plaintiff, an inmate formerly confined at the Beto Unit within the Texas Department of Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights during a disciplinary proceeding. The case was referred to the United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Background**

Henderson maintained that he is subjected to cruel and unusual punishment while imprisoned at the Coffield Unit because he is housed in a 45-square feet cell with another inmate sometimes for 24-hours a day. He argued that such double-celling is a constitutional violation, especially when the unit is on lockdowns, which can last for weeks. Henderson complained that the 45-square foot cell is "not even adequate enough for two people to move around simultaneously."

Henderson further highlighted how he experiences depression, fatigue, stress, anger, sadness, hopelessness, anxiety, and sleep deprivation because of his housing placement. He argued that each Defendant has intentionally "implemented and maintained" an unconstitutional policy to house inmates in double cells at the Coffield Unit in which he states, "put simply, life on Coffield

1

is like living in a third world ghetto." Henderson seeks $100.000 for each day that he has been housed in a double cell and punitive damages.

On July 12, 2018, the Judge Love issued a Report, (Dkt. #26), recommending that Henderson's complaint be dismissed as frivolous. Henderson has filed timely objections, (Dkt. #30).

## II. Henderson's Objections

In his objections, Henderson states that he is challenging "the totality of his living conditions—that is the combined effect of what stems from being forced to live in an overcrowded prison, such as sleep-deprivation, double-celling, extreme heat, contaminated water, lack of toilets, extreme cold, and an unsanitary chow hall." (Dkt. #30, pg. id. #154). He argues that the Magistrate Judge "refused to even address the totality of the living conditions" and notes that the "total effect of these living conditions are repugnant to the conscience of mankind."

## III. Discussion and Analysis

The Magistrate Judge correctly and properly recommended that Henderson's complaint is frivolous. As an initial matter, however, the Court notes that—generally—an issue raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, *1 (5th Cir. 2003); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, and importantly, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, a review of Henderson's complaint and memorandum of law shows that he did not raise specific issues concerning sleep deprivation, heat, cold temperatures, contamination, and lack of toilets. The crux of Henderson's complaint concerned double-celling and overcrowding—as he repeatedly complained about the lack of space inside the cells, especially during lockdowns. Such double-celling, overcrowding, and lack of space contributed to his depression, fatigue, stress, anger, sadness, hopelessness, and anxiety. While Henderson does mention "sleep deprivation," the sleep deprivation stemmed from the double-celling and he offered no specific facts about sleep deprivation. Accordingly, many of Henderson's objections are not properly before the District Court and should be overruled.

Henderson implores the Court to undergo a "totality of the circumstances" analysis. But to do so would require the Court to analyze the issues he raised for the first time on objection, which are not properly before the Court. Moreover, as Judge Love found, it is well-settled that double celling is constitutional and overcrowding is not, by itself, a constitutional violation. *See, e.g.*, *Rhodes*, 452 U.S. at 348 (holding that double celling inmates did not violate the Eighth Amendment because "[t]he double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care, or sanitation."); *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) (Overcrowding of persons in custody is not per se unconstitutional."); *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 858 (5th Cir. 1982) ("The [l]ack of space alone does not constitute cruel and unusual punishment, save perhaps the most aggravated circumstances.").

Moreover, there is no constitutional right to a single cell. *See Barber v. Quarterman*, 2010 WL 1417650 *9 (E.D.Tex.—Tyler Apr. 5, 2010) (citing *Parker v. Currie*, slip. op. no. 08-41023, 2010 WL 10924 (5th Cir. Jan. 4, 2010) (inmate desired a single cell but was assigned to general

population; no constitutional liberty interest infringed)). Because the crux of Henderson's entire complaint concerns double celling and overcrowding within his own cell—neither of which are constitutional violations—Judge Love properly recommended that his complaint be dismissed.

Turning to Henderson's concerns regarding his physical and mental health while housed—as well as his request for the Court to undergo a totality analysis—the Court notes that the Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Simply put, the Constitution does not afford protection against mere discomfort or inconvenience. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). As mentioned, Henderson highlights how he experiences depression, fatigue, stress, anger, sadness, hopelessness, anxiety, and sleep deprivation because of housing in a double cell. However, there is no constitutional right to a pleasant or stress-free environment while incarcerated. *See Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987).

Likewise, the fact that Henderson is housed in a double cell does not show that he faces substantial, irreparable harm—especially given how his complaints evince mere discomfort and disagreement rather than the deprivation of basic human needs. *See, e.g.*, *McClure v. TDCJ-CID*, 2011 WL 806227 *14 (E.D.Tex—Texarkana Jan. 31, 2011) ("Instead, his pleadings depict an environment which is uncomfortable, unpleasant, and unquestionably stressful, but he has not shown that it is one which is unconstitutional."). As Judge Love recommended, his complaint should be dismissed.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Fountain's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #30), are overruled. The Report of the Magistrate Judge, (Dkt. #26), is **ADOPTED** as the opinion of the Court. Furthermore, it is

**ORDERED** that Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice as frivolous.

So **ORDERED** and **SIGNED December 11, 2018.**

_____
Ron Clark, Senior District Judge